UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| JAMES SWANN, | ) |
|---|---|
| Plaintiff, | ) ) ) |
| v. | ) No.: 1:24-CV-149-TAV-CHS ) |
| JAMES BARRONG and CHIEF CANTRELL, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff James Swann, a prisoner incarcerated in the Sullivan County Detention Center, filed a complaint 42 U.S.C. § 1983 [Doc. 2] and a motion for leave to proceed *in forma pauperis* [Doc. 1]. Because the "three strikes" provision of the Prison Litigation Reform Act ("PLRA") prohibits Plaintiff from proceeding as a pauper in this action, the Court **DENIES** Plaintiff's motion [Doc. 1] and **DISMISSES** this action without prejudice to Plaintiff's ability to pay the filing fee in full and reinstate this case.

### I. "THREE STRIKES" UNDER 28 U.S.C. § 1915

The resolution of Plaintiff's motion to proceed *in forma pauperis* is guided by the "three strikes" provision of PLRA, 28 U.S.C. § 1915(g). This provision provides that an inmate may not proceed *in forma pauperis* in a civil action if, as a prisoner, he has filed three or more cases that a court dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless "[he] is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

This Court has recognized that Plaintiff has received at least three "strikes" under the PLRA for filing complaints that fail to state a claim upon which relief may be granted. *See Swann v. Washington County Jail*, No. 1:22-CV-179, 2022 WL 4084416 (E.D. Tenn. Sept. 6, 2022) (citing *Swann v. Penske,* No. 1:20-CV-264 (E.D. Tenn. July 19, 2021); *Swann v. District Attorney of Kingsport*, *et al.*, No. 1:22-CV-25 (E.D. Tenn. Feb. 7, 2022); *Swann v. Swann*, No. 2:21-CV-193 (E.D. Tenn. Feb. 24, 2022)).[1] Accordingly, Plaintiff cannot file the instant suit, or any future suit, as a pauper unless he can demonstrate that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

## II.  IMMINENT DANGER

The PLRA's "imminent danger" exception allows a prisoner with three or more "strikes" to proceed *in forma pauperis* if his complaint contains "a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). This imminent danger exception "is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (quoting *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011)). The exception applies where a court, "informed by its 'judicial experience and common sense,' could 'draw the reasonable inference'" that a plaintiff faced an existing danger when he filed his complaint. *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012) (citation omitted). But it is intended "as an escape hatch for genuine emergencies only." *Lewis v.*

---

[1] Plaintiff also received a "strike" in *Swann v. Talley*, No. 2:21-CV-194 (E.D. Tenn. Sept. 23, 2022).

*Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Therefore, the threat must also be "real and proximate" at the time the complaint was filed, *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008), and the danger cannot be created by the prisoner himself, *see, e.g.*, *Muhammad v. McDonough*, No. 3:06-cv-527, 2006 WL 1640128, at *1 (M.D. Fla. June 9, 2006) ("[I]t is clear that a prisoner cannot create the imminent danger so as to escape the three strikes provision of the PLRA.").

Plaintiff complains that the Blount County Jail, where he was housed when he filed this action, wrongfully designated him as a sex offender, which prevents him from bonding out of jail [Doc. 2, pp. 3–4]. But Plaintiff's dissatisfaction with his custodial designation does not place him in imminent danger. Therefore, under the circumstances presented, the Court declines to find that Plaintiff is entitled to the emergency intervention envisioned by the three-strikes exception to the PLRA.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's motion to proceed *in forma pauperis* [Doc. 1] is **DENIED** pursuant to § 1915(g), and the instant action will be **DISMISSED** without prejudice to Plaintiff's ability to pay the filing fee in full and thereby reinstate this case. *See In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002) (noting that prisoner's obligation to pay filing fee arises when complaint delivered to district court clerk). Accordingly, this case will be **CLOSED**.

Additionally, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith and would be totally frivolous, such that any request for leave to

3

Case 1:24-cv-00149-TAV-CHS   Document 18   Filed 06/11/24   Page 3 of 4   PageID #: 53

proceed *in forma pauperis* on any subsequent appeal will be **DENIED**. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE